# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | | |
|---|---|---|
| LAURA CASTANEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-50239 |
| | ) | |
| NATHAN HEINRICH; and KEN ROSENKRANS AND SONS TRUCKING, INC., | ) ) ) | |
| | ) | *Plaintiff Demands a Jury Trial* |
| Defendants. | ) | |

## AMENDED COMPLAINT AT LAW

**NOW COMES** the plaintiff, LAURA CASTANEDA, by her attorneys, Muslin & Sandberg, through Craig M. Sandberg, and complaining of the defendants states as follows:

### I. NATURE OF ACTION

1. This is a personal injury action seeking monetary damages on behalf of the plaintiff for injuries sustained in a motor vehicle accident on October 1, 2017.

### II. PARTIES

**A.   Plaintiff.**

2. LAURA CASTANEDA is domiciled in and a citizen of the State of Iowa.

**B.   Defendants.**

3. NATHAN HEINRICH is domiciled in DeKalb County and a citizen of the State of Illinois.

4. KEN ROSENKRANS AND SONS TRUCKING, INC. ("ROSENKRANS TRUCKING") is incorporated in and has its principal place of business in the State of Illinois.

ROSENKRANS TRUCKING was involuntarily dissolved on June 8, 2018. ROSENKRANS TRUCKING was located in Paw Paw, Lee County, Illinois.

### III. JURISDICTION

5.      This district court has jurisdiction over the lawsuit against the defendants under 28 U.S.C. § 1332 because the plaintiff and the defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### IV. VENUE

6.      The Court has venue over the subject matter and parties hereto pursuant to 28 U.S.C. §1391(b)(1) and (2) as the defendants are all believed to reside in Illinois and within this judicial district and the event giving rise to the claims all occurred within this judicial district (Lee County, IL).

### V. VICARIOUS LIABILITY

7.      Whenever in this complaint it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

## V. Facts

8. On October 1, 2017, at or near 1:56 a.m., Rene Castaneda was traveling northbound on Paw Paw Road in Willow Creek Township, Illinois and approaching the intersection of US-30.

9. Rene Castaneda was operating a 2012 Ford F-150.

10. At aforementioned time and place, Rene Castaneda came to a stop at the stop sign before making a left turn onto westbound US-30.

11. LAURA CASTANEDA was a passenger in the vehicle operated by Rene Castaneda.

12. At aforementioned time and place, NATHAN HEINRICH was traveling eastbound on US-30 in Willow Creek Township, Illinois and approaching the intersection of Paw Paw Road.

13. At aforementioned time and place and at all times relevant herein, NATHAN HEINRICH was acting in the course and scope of his employment with KEN ROSENKRANS AND SONS TRUCKING, INC.

14. At aforementioned time and place and at all times relevant herein, NATHAN HEINRICH was operating a 2016 Volvo T630 semi-tractor (with a box trailer) that was owned by KEN ROSENKRANS AND SONS TRUCKING, INC.

15. Prior to beginning his left turn, Rene Castaneda confirmed it was safe to proceed to make his left turn.

16. When it was safe to proceed, Rene Castaneda began his left turn.

17. While making his left turn, Rene Castaneda's vehicle was struck by the defendants' vehicle.

18. Thereafter, the vehicles collided with one another.

19. That at all times relevant herein, LAURA CASTANEDA was in the exercise of due care and caution for her safety and well-being.

### Count I
**(Negligence – Nathan Heinrich/Rosenkrans Trucking)**

20. Plaintiff repeats, realleges, and incorporates paragraphs one (1) through nineteen (19) with the same force and effect as though fully set forth herein.

21. At all times material hereto, it was the duty of the defendant to exercise ordinary care and caution for the safety of others.

22. At the time and place aforesaid, the defendant then and there carelessly, negligently, wrongfully and unlawfully operated and maintained said motor vehicle so as a direct and proximate result thereof said motor vehicle did collide with the vehicle operated by the plaintiff.

23. At the time and place aforesaid the defendant was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Failed to keep a proper lookout for traffic when approaching an intersection;

    (b) Failed to timely apply brakes;

    (c) Failed to maintain a proper lockout;

    (d) Driving his vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances;

    (e) Operated the motor vehicle at an excessive rate of speed given the prevailing traffic;

    (f) Failed to keep said vehicle under proper control and failed to stop, slow down or otherwise alter speed, movement or direction of said vehicle when danger of hitting another vehicle was obvious;

(g) Unnecessarily traveled at a speed that was greater than reasonable and proper with regard to the traffic conditions and the use of the highway, thereby endangering the safety of persons and property, in violation of 625 ILCS 5/11-601, which is negligence *per se*;

(h) Failed to decrease speed so as to avoid colliding with any person or vehicle on the highway in compliance with legal requirements and the duty of all persons to use due care, in violation of 625 ILCS 5/11-601, which is negligence *per se*.

24. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, LAURA CASTANEDA suffered significant and permanent injuries.

25. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars ($75,000.00), the minimum jurisdictional amount of this Court.

**WHEREFORE** the plaintiff, LAURA CASTANEDA, prays this court for damages according to proof and for such other and further relief as this Court deems just.

## JURY DEMAND

Plaintiff, LAURA CASTANEDA, assert her rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

Respectfully submitted,

MUSLIN & SANDBERG

By: /s/ Craig M. Sandberg
     CRAIG M. SANDBERG
     19 S. LaSalle Street, Suite 700
     Chicago, Illinois 60603-1791
     Tel: (312) 263-7249
     E-Mail: craig@muslin-sandberg.com