**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| LAURA CASTANEDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 3:19-cv-50239 |
| ) | |
| NATHAN HEINRICH and KEN ROSENKRANS ) | |
| AND SONS TRUCKING, INC., ) | |
| ) | **Jury Trial Demanded** |
| Defendants. ) | |
| ) | |
| ) | |
| NATHAN HEINRICH and KEN ROSENKRANS ) | |
| AND SONS TRUCKING, INC., ) | |
| ) | |
| Third Party Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| RENE CASTANEDA, ) | |
| ) | |
| Third Party Defendant. ) | |

## THIRD PARTY COMPLAINT

Defendants/Third Party plaintiffs, NATHAN HEINRICH and KEN ROSENKRANS AND SONS TRUCKING, INC., by their attorneys, CHARYSH & SCHROEDER, LTD., for their Third-Party Complaint against Third Party Defendant, RENE CASTANEDA, state as follows:

1. LAURA CASTANEDA, seeks recovery against the defendants for personal injuries sustained when she was involved in a motor vehicle accident on October 1, 2017, at the intersection of Route 30 and Paw Paw Road in the City of Willow Creek Township, County of

Lee, State of Illinois. Incorporated by reference herein as Exhibit A is a copy of plaintiff's amended complaint at law.

2. Defendants have filed an answer to plaintiff's amended complaint denying all materials allegations thereto. Incorporated by reference herein as Exhibit B is a copy of said answer.

3. That at said time and place aforementioned RENE CASTANEDA was the owner and driver of a certain motor vehicle that was traveling northbound on Paw Paw Road and approached the intersection of Paw Paw Road and Route 30 with LAURA CASTANEDA as a passenger in said vehicle.

4. Route 30 is generally an east-west road and has the right-of-way at the intersection with Paw Paw Road and is not subjected to a traffic control signal. Paw Paw Road at said intersection is controlled by a stop sign whereby northbound traffic travelling on Paw Paw Road must stop at said intersection before proceeding onto Route 30.

5. At all relevant times herein, third-party defendant, RENE CASTANEDA, had a duty to exercise reasonable care and caution in the operation of his motor vehicle, including obeying all traffic rules and signals.

6. If plaintiff, LAURA CASTANEDA, suffered injuries or damages as a result of the incident alleged in plaintiff's amended complaint, then such injuries and damages were solely and proximately caused by one or more of the following negligent acts or omissions of the third-party defendant:

>   (a) Failed to obey all traffic control signals at said intersection, specifically, failed to bring his vehicle to a stop at said stop sign in violation of Illinois statute;
>
>   (b) Failed to yield the right-of-way to oncoming traffic on Route 30, and specifically to defendants, by entering said intersection in violation of Illinois statute;

(c) Failed to keep a proper lookout for oncoming traffic when approaching said intersection;

(d) Was otherwise careless and negligent in the operation of his vehicle in violation of Illinois statute.

The aforementioned negligent acts and/or omissions of third-party defendant, RENE CASTANEDA, solely and proximately caused any injuries to be proven by plaintiff, LAURA CASTANEDA.

7. At all relevant times herein, there was in full force and effect in Illinois, a statute, 740 ILCS 100/0.01 et seq., which provides for contribution among tortfeasors.

8. If third-party plaintiffs should be found liable to plaintiff, LAURA CASTANEDA, for damages alleged in plaintiff's amended complaint, it would be due to the negligent acts or omissions of the third-party defendant, RENE CASTANEDA.

9. If third-party plaintiffs are found liable to plaintiff, LAURA CASTANEDA, then third-party plaintiffs are entitled to contribution from third-party defendant, RENE CASTANEDA in an amount commensurate with his relative degree of fault.

WHEREFORE, for the above reasons, third-party plaintiffs, NATHAN HEINRICH and KEN ROSENKRANS & SONS TRUCKING, INC., request that in the event judgment is entered against them and in favor of the plaintiff, LAURA CASTANEDA, that judgment for contribution be entered in their favor and against the third-party defendant, RENE

CASTANEDA, in an amount commensurate with his pro rata share of fault for causing injuries and damages allegedly sustained by the plaintiff, LAURA CASTANEDA, pursuant to 740 ILCS 100/2.

                                                Respectfully Submitted,

                                                //s//   David H. Schroeder

David H. Schroeder
CHARYSH & SCHROEDER, LTD.
33 N. Dearborn Street
Suite 1300
Chicago, IL 60602
312/372-8338
ARDC No.:  6186071
dschroeder@cslaw-chicago.com